**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4076**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

PEYTON BARBER,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  Frederick P. Stamp, Jr., Senior District Judge.  (5:07-cr-00024-FPS-1)

Submitted:  October 9, 2008        Decided:  November 18, 2008

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Brendan S. Leary, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant.  Sharon L. Potter, United States Attorney, Randolph J. Bernard, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peyton Barber pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2000). She was sentenced to thirty months in prison. Barber sought a departure or variance sentence based upon the sentencing disparity between crack cocaine and powder cocaine in the applicable advisory guidelines, but the district court found that Barber's request was foreclosed by United States v. Eura, 440 F.3d 625 (4th Cir. 2006). Barber timely appealed.

After the judgment was entered and while the appeal was pending, the Supreme Court issued Kimbrough v. United States, 128 S. Ct. 558 (2007). The Court held "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 574. Accordingly, the Court remanded to permit the district court to consider the 100-to-1 ratio of crack cocaine to powder cocaine in sentencing. Barber argues, and the Government concedes, that this case should be remanded for resentencing in light of Kimbrough.

Because the district court did not have the benefit of Kimbrough when sentencing Barber, we vacate Barber's sentence and remand for resentencing. We dispense with oral argument because

2

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED